## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**JOHN ALEXANDER PARKER #T3642**                                          **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO.: 1:13-cv-525-MTP**

**MIKE HATTEN, ET AL.**                                                   **DEFENDANTS**

## OPINION AND ORDER

THIS MATTER is before the Court on the Motion for Summary Judgment [52] filed by Mike Hatten and the Motion for Summary Judgment [56] filed by Defendant Dr. Parveen Kumar.  Having considered the submissions of the parties and the applicable law the Court finds that the Defendants' Motions for Summary Judgment [52][56] should be granted.

## FACTUAL BACKGROUND

On December 18, 2013, Plaintiff John Alexander Parker, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983.  The allegations in Plaintiff's complaint occurred while he was a post-conviction inmate at South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi.[1]  In his Complaint [1] and as clarified in his testimony at the *Spears*[2] hearing, Plaintiff asserts claims against Dr. Parveen Kumar and Mike Hatten for the denial of adequate medical care.

Plaintiff alleges that he suffers from bipolar disorder as well as paranoid schizophrenia. Plaintiff alleges that he repeatedly requested Mike Hatten, the senior director of the Medical Department at SMCI, transfer him to East Mississippi Correctional Facility ("EMCF"). Plaintiff

---

[1]  Plaintiff is currently incarcerated at East Mississippi Correctional Facility in Meridian, Mississippi.
[2]  *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).  Plaintiff's Spears hearing took place on October 7, 2014.

believed EMCF would provide better treatment for his illnesses, and that Defendant Hatten rejected his transfer requests for no reason. Plaintiff alleges that because Hatten did not transfer him, his condition worsened and he cannot think clearly.

Additionally, Plaintiff alleges that Defendant Dr. Parveen Kumar was indifferent to his medical needs by not providing him with Plaintiff's preferred medication – Seroquel – as opposed to the one he was receiving, Stelazine.[3]  Plaintiff also alleges that Dr. Kumar did not make sure that he received therapy. Finally, Plaintiff alleges that Defendant Kumar did not transfer him to EMCF. Plaintiff asserts that Dr. Kumar's actions and inactions worsened his medical condition causing him not to think clearly.

Plaintiff seeks 1.9 million dollars in damages as well as an injunction in the form of a transfer to EMCF.[4] Defendants filed their Motions for Summary Judgment [52][56], arguing that they are entitled to a judgment as a matter of law.

## STANDARD FOR SUMMARY JUDGMENT

This Court may grant summary judgment only if, viewing the facts in a light most favorable to the Plaintiff, the Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law.  *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995) (*citing* Fed. R. Civ. P. 56(c)).  If the Defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied.  *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985).  The existence of an issue of material fact is a question of law that the Court must decide, and in making that decision, it must

---

[3] Plaintiff stated at his *Spears* hearing that he was receiving Haldol. ([56-3] at 20.) However, his medical records reflect that he was on Stalinize. (Medical Records at 796. The Medical Records are contained on a compact disk [59].)

[4] The Court notes Plaintiff now is now housed at EMCF. The request to be transferred is now moot. *See* Notice of Change of Address [63].

"draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 712.

There, however, must be adequate proof in the record showing a real controversy regarding material facts. "Mere conclusory allegations are not competent summary judgment evidence, and [] are [] insufficient to defeat or support a motion for summary judgment." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992)(citing *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir.1985); *United States v. An Article of Drug*, 725 F.2d 976, 984–85 (5th Cir.1984)) "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

## ANALYSIS

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. App'x 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A

plaintiff must show that a defendant's "response indicate[d] that the [defendant] subjectively intended that harm occur." *Thompson v. Upshur County*, 245 F.3d 447, 458-59 (5th Cir. 2001).

An official is not deliberately indifferent unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Id*. at 838.  A plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Davidson*, 91 Fed. App'x at 965 (quoting *Domino*, 239 F.3d at 756).

Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986). "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm."  *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).  Plaintiff is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006).

Further, a prisoner's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs."  *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001), *see also French v. Quarterman*, 2010 WL 998354, at *7 (E.D. Tex. Jan 22, 2010)(finding no deliberate indifference where a prisoner did not receive the specific medicine he thought best treated his condition). Lastly, prisoners do not have a constitutionally derived liberty interest in being held in any particular institution. *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Montanye v. Haymes*, 427 U.S. 236 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir.1984).

4

In support of their Motions for Summary Judgment [52][56], Defendants Hatten and Dr. Kumar submitted affidavits, a transcript of the *Spears* hearing, and Plaintiff's medical records. As outlined above, Plaintiff complains that Defendant Hatten denied him adequate medical care by failing to transfer him to EMCF, and that Dr. Kumar denied him adequate medical care by failing to prescribing him Seroquel and adequate therapy, and by refusing to transfer him to EMCF.

Plaintiff's medical records demonstrate that he continuously received treatment for his mental conditions while at SMCI. First, the record demonstrates that Plaintiff received therapy while housed at SMCI. Plaintiff attended group and individual therapy on several occasions. (*See* Medical Records [59] at 449, 608, 679, 766.) Also, Plaintiff was supplied various medications for his condition.  On July 12, 2013, Defendant Dr. Kumar took Plaintiff off the medication Risperdal[5] and placed him on Stelazine[6] because Plaintiff requested a change in his medicine. *Id.* at 768. Both drugs are known treatments for mental disorders, including schizophrenia.  On September 9, 2013, Plaintiff again requested to change his medication, this time to Seroquel, because his current medicine was "not helping him." *Id.* at 787. Defendant Dr. Kumar assessed Plaintiff on October 31, 2013, and decided not to change his medicine. The medical record reflects that during this visit Plaintiff "was calm, cooperative and pleasant during [the] interview process[,]" and Plaintiff indicated that he was "doing well on current medications[.]" Plaintiff requested Seroquel at the visit, but Defendant Dr. Kumar decided that the medicine prescribed to Plaintiff, Stelazine, was working and there was no reason "to justify an additional medication [.]" *Id.* at 796.

---

[5] Risperidone is used to treat certain mental/mood disorders including schizophrenia and bipolar disorder. *See* http://www.webmd.com/drugs/2/drug-9846/risperdal-oral/details.
[6] Stelazine is used to treat certain mental/mood disorders such as schizophrenia. *See* http://www.webmd.com/drugs/2/drug-6572-424/stelazine-oral/trifluoperazinetablet-oral/details.

Defendant Dr. Kumar along with other medical professionals at SMCI consistently treated Plaintiff, and provided him medications and therapy. Plaintiff disagreed with his treatment protocol, the amount of therapy he was receiving, and his medication; however, as shown above, disagreement with treatment does not establish deliberate indifference. *See Norton* 122 F.3d at 292. The record indicates that Dr. Kumar was not deliberately indifferent to Plaintiff's serious medical needs. *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) (holding that "[m]edical records of sick calls, examinations, diagnoses, and medications may rebut inmates' allegations of deliberate indifference."). Plaintiff's failure to demonstrate deliberate indifference warrants dismissing the claim against Defendant Dr. Kumar.

As to Plaintiff's medical claim against Defendant Hatten, the record shows that Mike Hatten is medical administrator at SMCI.  As an administrator, Hatten has no authority to supersede Plaintiff's treating physicians and order or deny mental care for the Plaintiff.[7] As Defendant Hatten had no control over medical decisions involving the Plaintiff this claim against him should be dismissed. *See Stewart v. Murphy*, 174 F.3d 530, 536 (5th Cir.1999) (holding that medical director was not deliberately indifferent to plaintiff's serious medical needs where director was not one of his treating physicians and had limited contact with plaintiff); *see also Stevens v. King*, No. CIVA 2:04CV200-KS-RHW, 2007 WL 2461967, at *3 (S.D. Miss. Aug. 27, 2007) ("With no evidence indicating that [Defendants] had any direct involvement in the treatment decisions at issue, there is no way a reasonable jury could find their actions violated the rights of [the plaintiff].")

Also, Plaintiff has not shown that a lack of transfer to EMCF for supposedly better treatment for his condition amounts to deliberate indifference to a serious medical need. *See*

---

[7] Affidavit of Mike Hatten [56-2].

*Ward v. Fisher*, 616 F. App'x 680, 683 (5th Cir. 2015) (claim that the plaintiff's doctor failed to refer plaintiff to a dermatologist did not constitute deliberate indifference.). He also has not shown that his condition actually worsened resulting in a substantial harm. *See Mendoza*, 989 F.2d at 195. Even assuming, as Plaintiff alleges, that EMCF has better mental health care than SMCI, this does not show that either Defendant Dr. Kumar or Defendant Hatten were deliberately indifferent to his serious medical needs by not transferring him there. Plaintiff was eventually transferred to EMCF, and a delay in medical treatment by itself does not rise to the level of deliberate indifference. *See id.* As prisoners do not have a constitutionally derived liberty interest in being held in any particular institution these claims should be dismissed.[8]

## CONCLUSION

For the reasons stated above, the Court finds that Defendants' Motions for Summary Judgment [52][56] should be granted.  Accordingly,

IT IS, THEREFORE, ORDERED that:

1.      Defendants' Motions for Summary Judgment [52][56] are GRANTED,

2.      This action is dismissed with prejudice, and

3.      A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED this the 5th day of February, 2016.

s/ Michael T. Parker
United States Magistrate Judge

---

[8] Although Defendant Hatten has raised the defenses of qualified and sovereign immunity, "if it becomes evident that the plaintiff has failed to state or otherwise establish a claim, then the defendant is entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1993) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)); *see also Sappington v. Bartee*, 195 F.3d 234, 236 (5th Cir. 1999).  Because the Court finds that Plaintiff's allegations are not cognizable Constitutional claims, it need not address the issue of whether the Defendant Hatten is entitled to qualified or sovereign immunity.